**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ARTHUR BUSTOS, as Personal Representative of the Estate of DELFINA CHAIREZ, Deceased; BENITO CHAIREZ, SERGIO CHAIREZ, and ISAAC CHAIREZ, each individually as the Survivors and Legal Heirs to the Estate of DELFINA CHAIREZ,

Plaintiffs,

v. No.: CIV 18-049

SOUTHWESTERN RAILROAD, INC.; SOUTHWESTERN SHORTLINE RAILROAD COMPANY, SOUTHWESTERN RAILCAR SERVICES, LLC, THE WESTERN GROUP LC; and ROJELIO LOPEZ,

Defendants.

**SOUTHWESTERN RAILROAD, INC.'S NOTICE OF REMOVAL**

Pursuant to Sections 1332, 1441(a), and 1446, Title 28 of the United States Code, Southwestern Railroad, Inc. ("SWRR"), with the consent of all other defendants, hereby files this Notice of Removal, removing Cause No. D-412-CV-2018-00007, *Arthur Bustos, as Personal Representative of the Estate of Delfina Chairez, Deceased, Benito Chairez, Sergio Chairez, and Isaac Chairez, each individually as the Survivors and Leval Heirs to the Estate of Delfina Chairez v. Southwestern Railroad, Inc., Southwestern Shortline Railroad Company, Southwestern Railcar Services, LLC, The Western Group LC, and Rojelio Lopez* from the Fourth Judicial District Court of San Miguel County, New Mexico to the United States District Court for the District of New Mexico.

**Relevant Background**

1. Plaintiff Arthur Bustos, as Personal Representative of the Estate of Delfina Chairez, Deceased ("Estate Plaintiff"), commenced this wrongful death action against SWRR,

Southwestern Shortline Railroad Company ("SWSRC"), Southwestern Railcar Services, LLC ("SRS"), The Western Group, LC ("TWG") and Mr. Rojelio Lopez in the 4th Judicial District Court of San Miguel County, New Mexico, Cause No. D-412-CV-2018-00007, on January 4, 2018. *See* Ex. A, State Court Record.

2. Plaintiffs' wrongful death action arises out of a collision which occurred near Dexter, New Mexico, between a SWRR train and a Chevrolet pickup truck operated by decedent Delfina Chairez ("Ms. Chairez"), a New Mexico citizen at the time of the collision. *See generally* Ex. A, Compl.

3. Plaintiff's alleged jurisdiction and venue are proper in the 4th Judicial District Court of San Miguel County, New Mexico because the Plaintiffs each reside in New Mexico, the improvidently-joined engineer of the SWRR train is a citizen of New Mexico, and the alleged (and denied) New Mexico citizenship of SWRR. *See* Ex. A, Compl. ¶¶ 1-18.

4. Plaintiffs are each citizens of New Mexico. *See* Ex. A, Compl. ¶ 14.

5. All properly joined and served defendants are citizens of Utah.

6. Each Defendant consents to this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

7. SWRR now timely files this Notice of Removal.

**<u>Grounds for Removal</u>**

8. Subject matter jurisdiction exists in this case pursuant to Section 1332, and therefore, removal of this case to federal court is proper because on the face of the Complaint the amount in controversy exceeds $75,000.00 and complete diversity exists among the parties, as the citizenship of Mr. Rojelio Lopez may be disregarded because Plaintiffs have improperly joined him in this lawsuit, as set forth more fully below.

***A. The amount in controversy exceeds $75,000.00.***

9. Pursuant to section 1332, the amount in controversy must exceed the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a).

10. On the face of the Complaint, Plaintiffs seeks to recover in excess of $75,000.00, as Plaintiffs seek the following damages:

a. The reasonable expense of necessary medical care and treatment and funeral and burial;

b. The pain and suffering experienced by the Deceased between the time of injury and death;

c. The lost earnings, the lost earning capacity, and the value of the lost household services of the Deceased;

d. The value of the Deceased's life apart from her earning capacity;

e. The aggravating circumstances attending the wrongful act, neglect, or default;

f. The emotional distress to the children of the Decedentcaused by the loss of society, guidance, and familial relations enjoyed with the Deceased; and

g. The loss to beneficiaries of other expected benefits that have a monetary value

*See* Ex. A, *Compl.* ¶ 61.

11. Additionally, Plaintiffs seek:

a. Loss of consortium damages; and

b. Punitive Damages.

*See* Ex. A, *Compl.* ¶¶ 62-63.

12. As Plaintiffs seek not only wrongful death damages, but also punitive damages, it is facially apparent the amount in controversy exceeds $75,000.00. *Cf. De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (finding amount of controversy facially apparent because claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses

exceeded amount in controversy, then in excess of $50,000). Therefore, the amount in controversy is satisfied.

13. Finally, Plaintiffs' Prayer for Relief at page 17 of the Complaint pleads and admits that the amount in controversy "is in excess of the amount required for federal court jurisdiction in diversity of citizenship cases." *See* Ex. A, *Compl.*, Page 17.

***B. Total diversity of citizenship exists among the parties.***

14. Plaintiffs are all individual citizens of the State of New Mexico.

15. SWRR is a citizen of the State of Utah.

16. SWRC, pursuant to law, is deemed a citizen of the State of Utah.

17. SRS, pursuant to law, is deemed a citizen of the State of Utah.

18. TWG, pursuant to law, is deemed a citizen of the State of Utah.

19. The individual citizenship of Mr. Rojelio Lopez is properly disregarded because he is fraudulently and improperly joined him in this lawsuit.

20. Diversity of citizenship is assessed at the time the lawsuit is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

21. The citizenship of an individual is based on the individual's domicile. *See Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).

22. A legal representative of the estate of a decedent is deemed to be a citizen of the state of the decedent. *See* 28 U.S.C. § 1332(c)(2).

23. The citizenship of a corporation is its state of incorporation and the state in which it has its principal place of business. *See id.* § 1332(c)(1).

24. Entities organized as a limited liability company ("LLC") under a state's laws are unincorporated associations for purposes of diversity jurisdiction. *See Mgmt. Nominees, Inc. v.*

*Alderney Investments, LLC*, 813 F.3d 1321, 1325 (10th Cir. 2016). This Court has held, for diversity purposes, a limited liability company is a citizen of every state of citizenship of any of its members. *Zufelt v. Isuzu Motors Am., LLC*, 727 F. Supp. 2d 1117, 1127 (D.N.M. 2009).

25. Citizenship of an unincorporated association is determined by the citizenship of each of its partners for purposes of diversity jurisdiction such that the unincorporated association is a citizen of each state where a member or partner is a citizen. *See id.*

26. Complete diversity of citizenship exists among the parties because all Plaintiffs' citizenships are diverse from the citizenship of all properly joined and served defendants because:

a. Each Plaintiff is a citizen of the state of New Mexico;

b. SWRR is a citizen of the state of Utah because it is a corporation duly organized under the laws of the state of Utah and it maintains its principal place of business in Ogden, Utah. SWRR does business in New Mexico as SWSRC.

c. SWSRC is a citizen of the state of Utah because it is a corporation duly organized under the laws of the state of Utah operating in New Mexico under the name SWRR and it maintains its principal place of business in Ogden, Utah.

d. SRS is a citizen of Utah because it is a limited liability company whose sole member is SWRR—a citizen of Utah.

e. TWG is a citizen of Utah, because it is a limited liability company whose six members citizenships are as follows:

   i. Western Railroad Builders, Inc., a Utah Corporation with its principal place of business in Ogden, Utah;

   ii. Wyoming Colorado Railroad, Inc., a Utah Corporation with its principal place of business in Ogden, Utah;

iii. Snowy Range Cattle Company, Inc., a Utah Corporation with its principal place of business in Ogden, Utah;

iv. Verde Canyon Railroad, LC, a limited liability company whose Members are:

1. Dave Durbano, an individual citizen of the State of Utah; and
2. Snowy Range Cattle Company, a Utah Corporation with its principal place of business in Ogden, Utah ;

v. Southwestern Railroad, Inc., a Utah corporation with its principal place of business in Ogden, Utah; and

vi. Cimarron Valley Railroad, LC a limited liability company whose Members are:

1. Dave Durbano; an individual citizen of the State of Utah; and
2. Wyoming Colorado Railroad, Inc., a Utah corporation with its principal place of business in Ogden, Utah.

27. Because Mr. Rojelio Lopez is improperly joined in this lawsuit because no individual claims may lie against him pursuant to New Mexico law, which controls this case, his citizenship may be disregarded for purposes of diversity.

28. A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction. *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1250 (D.N.M. 2014).

29. As such, "a district court may disregard a nondiverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent." *Id.*

30. "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

31. In this case, there is no basis in fact or law for Plaintiffs to assert any claims against Defendant Rojelio Lopez. Plaintiffs' Complaint fails to state any allegations against Mr. Lopez or state a theory as to how, under any set of facts, he might be liable to Plaintiffs.

32. Pursuant to New Mexico's Common Carrier Wrongful Death Act, NMSA 1978, § 41-2-4, Plaintiffs' exclusive remedy for any purported wrongful death damages arising from the alleged collision, Plaintiffs cannot state claims against Mr. Rojelio Lopez as a matter of law because this provision does not permit, as a matter of law, an action to lie against him as the engineer of the train involved in the collision. Therefore, Mr. Rojelio Lopez's New Mexico citizenship may be disregarded for purposes of diversity and the forum- or local-defendant rule.

1. <u>As a matter of law, Plaintiff cannot state a claim against Mr. Rojelio Lopez under NMSA 1978, Section 41-2-4.</u>

33. In diversity actions, the Court must apply state substantive law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938); *Abraham v. State Farm Mut. Auto. Ins. Co.*, 465 F.3d 609, 611 (5th Cir. 2006).

34. New Mexico's Wrongful Death Act contains a specific provision, which applies to claims for wrongful death arising from the operation of locomotives. See NMSA 1978, § 41-2-4. Section 41-2-4 states in relevant part:

> Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee whilst running, conducting or managing any locomotive, car or train of cars . . . the corporation, individual or individuals, in whose employ any such officer, agent,

> servant, employee, or engineer or driver, shall be at the time such injury was committed, or who owns any such railroad, locomotive . . . at the time any injury is received from or occasioned by any defect, insufficiency, negligence, unskillfulness or criminal intent above declared, shall be liable in damages . . . .

*Id.*

35. Section 41-2-4 is Plaintiffs' exclusive remedy for wrongful death damages arising from the alleged collision and does not permit individual claims against locomotive conductors, drivers, or engineers. *See id.*; *see also Schloss v. Matteucci*, 260 F.2d 16, 17 (10th Cir. 1958) ("[The New Mexico Court of Appeals] and New Mexico Supreme Court have construed this statute to exclude any liability of the negligent employee for the wrongful death.").

36. As this is an action involving death allegedly caused by a locomotive, NMSA 1978, Section 41-2-4 applies to Plaintiffs' claims for wrongful death. *See Tilly v. Flippin*, 237 F.2d 364, 366-67 (10th Cir. 1956); *Stinbrink v. Farmers Ins. Co. of Ariz.*, 111 N.M. 179, 182, 803 P.2d 664, 667 (1990); *In re Reily's Estate*, 62 N.M. 352, 357-58, 319 P.2d 1069, 1072-73 (1957).

37. NMSA 1978, Section 41-2-4 provides Plaintiffs' exclusive remedy for any purported wrongful death damages arising from the alleged collision and does not permit Plaintiffs to allege claims against the conductor, driver, or engineer — in this case Mr. Rojelio Lopez. *See* NMSA 1978, § 41-2-4; *see Tilly*, 237 F.2d at 366-67; *see also Langham v. Beech Aircraft Corp.*, 88 N.M. 516, 518, 543 P.2d 484, 486 (1975) (finding airplane manufacturer could not be sued under NMSA 1978, § 22-20-4).

38. Hence, Plaintiffs cannot, under any set of facts and as matter of law, state claims against Mr. Rojelio Lopez pursuant to NMSA 1978, Section 41-2-4.

39. Because Plaintiffs cannot state claims against Mr. Rojelio Lopez as a matter of law, he is not a party in interest properly joined and served as a defendant in this action. *See Aguayo v.*

*AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1250 (D.N.M. 2014); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006); 28 U.S.C. § 1441(b)(2).

40. As an improperly joined defendant, the Court may disregard Mr. Rojelio Lopez's citizenship for purposes of diversity jurisdiction and for purposes of the forum- or local-defendant rule. See 28 U.S.C. § 1441(b)(2); *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1250 (D.N.M. 2014).; *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004).

**Proper Venue and Compliance with Removal Procedure**

41. Removal of this matter to federal court is timely, as SWRR has not yet been served with service of process in this matter, but this Notice of Removal is timely filed within thirty days of the initial filing of Plaintiffs' State Court Complaint on January 4, 2018, 28 U.S.C. § 1446(b), and within one year of the commencement of this action, *see id.* § 1446(c)(1).

42. To present, none of the defendants have been served with service of process in this matter.

43. Prompt written notice of the filing of this Notice of removal will be given to Plaintiffs, and copies of this Notice of Removal have been served on counsel for Plaintiffs and filed with the Clerk of the District Court of San Miguel County, New Mexico. *See id.* § 1446(d).

44. Pursuant to section 1441(a), removal to this Court is proper as the district and division embracing the place where the state action is pending.

45. All defendants consent to this removal. Further, although Mr. Rojelio Lopez is not a party in interest properly joined and served as a defendant in this matter, he also consents to the removal of this action to federal court in accordance with section 1446. *See id.* § 1446(b)(2)(A).

46. True and correct copies of all process, pleadings, and the Orders served in the State court action are being filed with this Notice of Removal, as required by section 1446(a). *See* **Ex. A**, State Court Record.

47. Accordingly, SWRR Railroad Company, pursuant to and in conformity with the requirements set forth in section 1446, and with the consent of all Defendants, respectfully removes Cause No. D-412-CV-2018-00007, *Arthur Bustos, as Personal Representative of the Estate of Delfina Chairez, Deceased, Benito Chairez, Sergio Chairez, and Isaac Chairez, each individually as the Survivors and Leval Heirs to the Estate of Delfina Chairez v. Southwestern Railroad, Inc., Southwestern Shortline Railroad Company, Southwestern Railcar Services, LLC, The Western Group LC, and Rojelio Lopez* from the Fourth Judicial District Court of San Miguel County, New Mexico to the United States District Court for the District of New Mexico.

Respectfully submitted,

ATKINSON, BAKER & RODRIGUEZ, P.C.

*/s/ Justin D. Rodriguez*
Justin Rodriguez
Clifford K. Atkinson
Albuquerque Plaza
201 Third Street NW, Suite 1850
Albuquerque, NM 87102
505.764.8111
jrodriguez@abrfirm.com
catkinson@abrfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th day of January, 2018, I filed the foregoing *Notice of Removal* electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| JONES WITT LAW FIRM<br>Doug Jones<br>207 N. Washington Avenue<br>Roswell, NM 88201<br>575.622.6722<br>doug@joneswittlawfirm.com<br><br>*Attorneys for Plaintiffs* | FARGASON, BOOTH, ST. CLAIR, RICHARDS & WILKINS, LLP<br>Damon Richards, Esq.<br>4716 Fourth Street, Suite 200<br>Lubbock, TX 79416<br>P.O. Box 5950<br>Lubbock , TX 79408-5950<br>806.744.1100<br>806.744.1170 (fax)<br>damon@lbklawyers.com<br><br>*Attorneys for Plaintiffs* |
| POTTROFF & KARLIN, L.L.C.<br>Robert L. Pottroff, Esq.<br>Nathan L. Karlin, Esq.<br>(*pro hac vice* pending)<br>320 Sunset Avenue<br>Manhattan, KS 66502<br>785.539.5656<br>785.539.1750 (fax)<br>bob@pottroff.com<br>nathan@pottroff.com<br><br>*Attorneys for Plaintiffs* | |

ATKINSON, BAKER & RODRIGUEZ, P.C.

*/s/ Justin D. Rodriguez*

Justin Rodriguez